United States Court of Appeals

For the Eighth Circuit

_____

No. 23-2835
_____

United States of America

*Plaintiff - Appellee*

v.

Michael R. Hoeft

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: March 1, 2024
Filed: June 7, 2024
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

    A jury found Michael Hoeft guilty of possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and possessing a firearm as a prohibited

Appellate Case: 23-2835    Page: 1    Date Filed: 06/07/2024 Entry ID: 5401572

person, 18 U.S.C. §§ 922(g)(1), (g)(9), 924(a)(2). Hoeft appeals, challenging four of the district court's[1] rulings. We affirm.

I.

Around 9:45 one morning, three police officers responded to a call from the manager of a gated storage facility. The manager had reported that someone who "didn't belong there" was "passed out behind the wheel" of a small white pickup. Inside the gate, the officers saw a truck matching that description halfway down an alley of storage units and noticed that its lights were on. They parked their squad cars in a way that arguably blocked the alley, and they approached on foot.

As the officers got closer, they saw Hoeft asleep in the driver's seat with a key in the ignition and a loaded crossbow on the passenger seat. One officer reached inside the open driver's-side window to make sure the truck was off, waking Hoeft up in the process. In what started as a friendly exchange, Hoeft told her that he was doing "better than average" and had just stopped there to "take some crap out of the back." But things quickly escalated.

The officer told Hoeft to step out of the truck because the crossbow made her nervous, but Hoeft refused, insisting that he had a storage unit there. So the officers tased him, dragged him out, and arrested him. Searching Hoeft and his truck, the officers found 4 baggies containing a total of about 70 grams of methamphetamine, some syringes, a scale, a .22 caliber handgun, and—of course—the crossbow.

II.

Hoeft claims that the district court erred by denying his motions to suppress the evidence discovered after his arrest, to dismiss the gun charge from the

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

indictment, for judgment of acquittal on the drug charge, and to admit an out-of-court statement he made to a chemical dependency counselor.

A.

We start with Hoeft's argument that the district court should have suppressed the evidence found by the police because it was the fruit of an unconstitutional seizure. We review the district court's denial of Hoeft's motion to suppress *de novo* and any underlying factual determinations for clear error. *United States v. Banks*, 553 F.3d 1101, 1104 (8th Cir. 2009). The Fourth Amendment does not forbid all searches and seizures; it only forbids unreasonable ones. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). And a brief investigatory stop is reasonable if supported by "reasonable, articulable suspicion that a person is committing or is about to commit a crime." *United States v. Stokes*, 62 F.4th 1104, 1107 (8th Cir. 2023) (citation omitted).

Hoeft says that the officers seized him by blocking the alley. Assuming he's right, the seizure was reasonable. When the officers arrived, they knew about the manager's report that a trespasser was passed out behind the wheel of a small white truck, and they saw a truck that matched the description and appeared to be running. Based on these articulable facts, the officers had reasonable suspicion that Hoeft was trespassing and had "physical control of a[] vehicle while" intoxicated. *See* S.D. Codified Laws § 32–23–1; *see also State v. Kitchens*, 498 N.W.2d 649, 651–52 (S.D. 1993) (per curiam) (upholding § 32–23–1 conviction where defendant was sleeping behind the wheel in a parking lot).

Even so, Hoeft argues that the stop became unreasonable when the officer ordered him out of the truck because his statements dispelled any earlier suspicion. We disagree. The officers were not required to believe Hoeft's claim that he rented a unit there, and his self-assessment that he was doing better than average did not show that he was sober. *Cf. United States v. Mosley*, 878 F.3d 246, 254 (8th Cir. 2017) (rejecting argument that "any reasonable suspicion based on the witness's tip dissipated" simply because "initial investigation did not bolster [officer's] original

Appellate Case: 23-2835     Page: 3     Date Filed: 06/07/2024 Entry ID: 5401572

suspicion"). Plus, the officers had a valid concern for their safety because Hoeft had a loaded crossbow at the ready. Under these circumstances, it was reasonable to order Hoeft out of the truck as they finished a brief investigation. *See Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 859 (8th Cir. 2015) (reasonable to order driver out when officer had reasonable suspicion of driving while intoxicated); *United States v. Long*, 320 F.3d 795, 800–01 (8th Cir. 2003) (reasonable to order driver out when facts "create[d] a plausible concern for officer safety").

B.

Next, Hoeft argues that the court should have dismissed the gun charge from the indictment because § 922(g)(1) and (g)(9) are facially unconstitutional—a claim we review *de novo*. *See United States v. Veasley*, 98 F.4th 906, 908 (8th Cir. 2024).

We have already held that § 922(g)(1), which prohibits convicted felons from possessing guns, is constitutional. *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (holding § 922(g)(1) constitutional "as applied to Jackson and other convicted felons" and foreclosing "felony-by-felony litigation regarding [its] constitutionality" (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022))). And we pass no judgment on § 922(g)(9), which prohibits people convicted of misdemeanor domestic violence from possessing guns. Any error in refusing to dismiss that portion of the charge was harmless beyond a reasonable doubt. The jury stated in a special verdict form that it found Hoeft guilty under both § 922(g)(1) and (g)(9), so it would have convicted Hoeft on the gun charge even if § 922(g)(9) was removed from the indictment. *Cf. Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam) (holding that an instruction on an invalid alternative theory of guilt can be harmless); *United States v. Marin*, 31 F.4th 1049, 1054 n.2 (8th Cir. 2022) (declining to consider arguments about § 922(g)(3)'s constitutionality after finding evidence sufficient to sustain conviction under § 922(g)(8)).

-4-

C.

Turning to the drug charge, Hoeft argues that the district court should have granted his motion for judgment of acquittal because there was insufficient evidence that he intended to distribute the meth he possessed. He says that he possessed only a user amount—at least for a heavy user like him.

We review the sufficiency of the evidence *de novo*. *United States v. Matheny*, 42 F.4th 837, 842 (8th Cir. 2022). In doing so, we view the evidence in the light most favorable to the verdict and reverse only if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Blair*, 93 F.4th 1080, 1085 (8th Cir. 2024) (citation omitted). A jury may infer intent to distribute "solely from possession of a large quantity" of a drug. *United States v. Franklin*, 728 F.2d 994, 998 (8th Cir. 1984). But a user quantity, on its own, is not enough. *United States v. Lopez*, 42 F.3d 463, 467 (8th Cir. 1994). A small amount must be bolstered by other evidence that indicates drug dealing, like packaging "in a manner consistent with distribution," other drug distribution paraphernalia, large amounts of cash, and weapons. *Franklin*, 728 F.2d at 1000.

Even assuming that 70 grams of meth could be a user quantity for a heavy addict, we find that a reasonable jury could infer intent to distribute here. The Government did not rely on quantity alone. An investigator testified that the scale, the gun, and the packaging of the meth indicated street-level distribution. While the jury also heard testimony that mere users often use scales to make sure dealers do not short them and that Hoeft used the gun for hunting, it was free to reject these alternative explanations. *United States v. Ellis*, 817 F.3d 570, 578 (8th Cir. 2016).

D.

We end with Hoeft's claim that the district court should have allowed a chemical dependency counselor to testify about what he said to her during a post-arrest evaluation. Hoeft told her that he was using two "eight-balls" (totaling about

-5-

seven grams) a day when he was arrested. This out-of-court statement would have bolstered Hoeft's in-court testimony to the same effect and refuted the Government's evidence that even a "chronic binge use[r]" uses only about five grams a day. Hoeft argued that his statement was admissible under the hearsay exception for statements made for medical diagnosis or treatment. *See* Fed. R. Evid. 803(4). But the district court excluded it, reasoning that Hoeft had an incentive to fudge the numbers so he would be charged with mere possession. *See United States v. Renville*, 779 F.2d 430, 436 (8th Cir. 1985) (noting that "declarant's motive in making the statement must be consistent with the purposes of promoting treatment").

We ordinarily review "evidentiary rulings for abuse of discretion, but where constitutional rights are implicated, 'we consider the matter *de novo*.'" *United States v. White*, 557 F.3d 855, 857 (8th Cir. 2009) (citation omitted); *see also United States v. Holmes*, 413 F.3d 770, 774 (8th Cir. 2005) ("The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense, which includes the right to present testimony of witnesses that is material and favorable to their defense and complies with the rules of evidence." (cleaned up) (citation omitted)). We will reverse only if the error "affected substantial rights or had more than a slight influence on the verdict." *White*, 557 F.3d at 857–58 (citation omitted).

We do not decide whether the district court erred because we conclude that its decision to exclude the statement was harmless. Hoeft took the stand and discussed his daily drug use, so his out-of-court statement would not have introduced anything new into evidence. At most, it would have padded his in-court testimony. Under these circumstances, excluding the statement had no more than a slight influence on the verdict. *See United States v. Walker*, 917 F.3d 1004, 1009–10 (8th Cir. 2019); *cf. United States v. Gettel*, 474 F.3d 1081, 1090 (8th Cir. 2007) ("A trial error is harmless if other evidence to the same effect was properly before the jury." (cleaned up) (citation omitted)).

III.

The judgment of conviction is affirmed.

_____