No. 23-2835

_____

United States Court of Appeals
*for the*
Eighth Circuit

_____

United States of America,

Plaintiff-Appellee,

vs.

Michael Hoeft,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the District of South Dakota – Southern Division
The Honorable Karen E. Schreier

_____

# APPELLANT'S PETITION FOR REHEARING EN BANC
_____

BANGS, MCCULLEN, BUTLER,
FOYE & SIMMONS, LLP
Rick L. Ramstad
6340 S. Western Ave., Suite 160
Sioux Falls, SD 57108
T: 605-339-6800
rramstad@bangsmccullen.com
Attorney for Appellant

# Table of Contents

**Statement Pursuant to Rule 35(b)(1)**     iii

**Table of Authorities**     iv

**Argument in Support of Rehearing En Banc**     1

*This Court's Second Amendment jurisprudence is contrary to the Supreme Court's decision in Bruen and Range.*

**Conclusion**     10

**Certificate of Service**     11

**Certificate of Compliance**     11

## Statement Pursuant to Rule 35(B)(1)

The panel decision in this case conflicts with United States Supreme Court precedent, requiring consideration of the full court to rectify the conflict. In particular, the panel's decision conflicts with the Supreme Court's opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). It also conflicts with previous cases from this Circuit, notably *United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023), and *en banc* consideration therefore is necessary to secure or maintain uniformity of this Court's own decisions.

Perhaps most notable, though, is that this proceeding also involves a question of exceptional importance because the panel opinion directly conflicts with the authoritative decision on the same precise issue by the United States Court of Appeals for the Third Circuit. Specifically, in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3rd Cir. 2023) (*en banc*), the Third Circuit concluded that 18 U.S.C. § 922(g)(1)'s prohibition on the possession of firearms by a person convicted of a felony offense was unconstitutional as applied in that case to someone convicted only of a nonviolent felony offense. The panel opinion in this case reached the opposite position.

# Table of Authorities

Page(s)

## United States Constitution

U.S. CONST. AMEND. I ............................................................... 9

U.S. CONST. AMEND. II............................................................ 1-4,6-10

U.S. CONST. AMEND. IV............................................................. 9

## United States Supreme Court Cases

*District of Columbia v. Heller,* 554 U.S. 570 (2008) ..................... 2,8-9

*Hedgpeth v. Pulido,* 555 U.S. 57 (2008)........................................ 1

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* ..................... iii,1-10
142 S. Ct. 2111 (2022)

## Eighth Circuit Court of Appeal Cases

*United States v. Flores,* 663 F.3d 1022 (8th Cir. 2011)................. 7

*United States v. Jackson,* 69 F.4th 495 (8th Cir. 2023)................ 1-7,10

*United States v. Marin,* 31 F.4th 1049 (8th Cir. 2022)................. 1

*United States v. Sitladeen,* 64 F.4th 978 (8th Cir. 2023).............. iii, 3-5,
7-8

## Other United States Court of Appeal Cases

*Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019).............................. 6

*Range v. Att'y Gen. U.S.*, 56 F.4th 992 (3rd Cir. 2023)................. 8

*Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3rd Cir. 2023)................... iii,8

*United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023)................. 2,3

## Other Cases

*United States v. Bullock*, 2023 WL 4232309 .............................. 8
(S.D. Miss. June 28, 2023)

## Statutes

18 U.S.C. § 922(g)(1) ............................................................... iii, 1,4-6

18 U.S.C. 922(g)(3) ................................................................... 1

18 U.S.C. 922(g)(8) ................................................................... 2

18 U.S.C. 922(g)(9) ................................................................... 1

# Argument in Support of Rehearing En Banc

*This Court's Second Amendment jurisprudence is contrary to the Supreme Court's decision in Bruen and Range.*

The panel in this Court relied upon this Court's decision in *United States* v. *Jackson,* to summarily reject Mr. Hoeft's facial challenge to 18 U.S.C. § 922(g)(1). 69 F.4th 495, 502 (8th Cir. 2023) (holding § 922(g)(1) constitutional "as applied to Jackson and other convicted felons" and foreclosing "felony-by-felony litigation regarding [its] constitutionality" (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1, 24 (2022))).

Having rejected Mr. Hoeft's § 922(g)(1) claim, the panel found no reason to consider Mr. Hoeft's § 922(g)(9) claim which challenged the prohibition against domestic violence misdemeanants from possessing firearms. The panel found that the district court's refusal to dismiss the § 922(g)(9) charge was harmless beyond a reasonable doubt based upon the jury's finding of guilt under both § 922(g)(1) and (g)(9) in a special verdict form, citing *Hedgpeth v. Pulido,* 555 U.S. 57, 58 (2008) (per curiam) (holding that an instruction on an invalid alternative theory of guilt can be harmless); *United States v. Marin,* 31 F.4th 1049, 1054 n.2 (8th Cir. 2022) (declining to consider arguments about § 922(g)(3)'s

1

constitutionality after finding evidence sufficient to sustain conviction under § 922(g)(8)).

Mr. Hoeft continues to assert that the Second Amendment protects this right to possess and carry firearms, regardless of his status as a felon or a domestic abuse misdemeanant: "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. AMEND. II.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment "confer[s] an individual right to keep and bear arms." *Id.* at 595. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Court reaffirmed that holding and clarified that the only way that laws can constitutionally restrict the exercise of that right is if they are shown to be "consistent with this Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2126.

This case comes in the context of a soon anticipated decision in *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *cert. granted*, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023). In *Rahimi*, the appellate court found § 922(g)(8) facially unconstitutional. The question presented for review was "[w]hether 18 U.S.C. 922(g)(8), which prohibits the possession of firearms by persons subject to domestic

violence restraining orders, violates the Second Amendment on its face." Petition for Cert., 2023 WL 2600091, at *2.

*Rahimi* involves an individual subject to a civil restraining order who was involved in five shootings in and around Arlington, Texas during a two-month period. *See Rahimi*, 61 F.4th at 448–49. The Supreme Court's forthcoming decision in *Rahimi* will provide this Court with further guidance on how to evaluate firearms regulations, but may not entirely answer the questions raised here. Nor will it resolve the split of authority between this Court and the Third Circuit regarding a facial challenge to a different statutory subdivision, arising out of a civil injunction.

Only days after the panel issued its opinion in *Jackson,* the Third Circuit Court of Appeals published its decision in *Range*, overturning the holding of a panel opinion upon which a panel of this Court relied heavily upon in relied in *United States v. Jackson. Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3rd Cir. 2023) (en banc). *Range* rejected the Government's contention that the scope of the Second Amendment right did not extend to Mr. Range, stating "we reject the Government's contention that only 'law-abiding, responsible citizens'

3

are counted among 'the people' protected by the Second Amendment." *Id.* at 103.

Quoting *Bruen,* the court in *Range* reiterated, "[t]o preclude Range from possessing firearms, the Government must show that § 922(g)(1), as applied to him, 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'" *Id.*

To establish that historical tradition in *Jackson,* held to control this case, the *Jackson* panel relied almost exclusively on the findings of the vacated Third Circuit panel:

> In *Range* [the panel] concluded that legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a threat purportedly posed by these people 'to an orderly society and compliance with its legal norms,' not merely to address a person's demonstrated propensity for violence.

*United States v. Jackson*, 69 F.4th 495, 503 (8th Cir. 2023), *reh'g en banc denied.*

The Third Circuit, sitting en banc, squarely rejected the panel's reasoning: "That Founding-era governments disarmed groups they distrusted like Loyalists, Native Americans, Quakers, Catholics, and Blacks does nothing to prove that Range is part of a similar group today." *Range*, at 105. It is axiomatic that the disqualification of similar

4

groups today would not withstand modern constitutional scrutiny; so too, Congress cannot define a category of people as not deserving of Second Amendment protections for political advantage. If that were the case, the means-ends analysis would not have been rejected in *Bruen*: "To justify its regulation, the government may not simply posit that the regulation promotes an important interest." *Bruen*, 142 S. Ct. at 2126.

While the panel opinion in *Jackson* briefly discusses the history of § 922(g)(1), the opinion provides no basis beyond status, to find § 922(g)(1) constitutional as applied in *Jackson* "In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms." *Jackson*, at 505.

*Jackson's* holding is in direct conflict with *Bruen*. *Bruen* requires a challenged regulation to comport with the Nation's historical tradition of firearm regulation. *Jackson's* conclusion that these traditions include "status-based" prohibitions does not meet *Bruen's* requirement for similarity between the challenged regulation and the historical analogues. *Bruen*, 142 S. Ct. at 2132.

As noted in *Range*, the historical analogues prohibiting Blacks and Catholics from possession of firearms does not lead to the conclusion

5

that prohibiting felons therefore comports with history. *Bruen* teaches that "when a challenged regulation addresses a general societal problem that has persisted since the 18th century, the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment." *Bruen*, 142 S. Ct. at 2131.

The dubious distinction of being branded a felon derives from the English common law of the fourteenth century. Yet, "[f]ounding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons." *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting), abrogated by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

Here the panel's adoption of *Jackson* to in holding that § 922(g)(1) is facially constitutional, based solely upon *Jackson's* conclusion that generic status-based prohibitions were part of the Nation's historical tradition, is wholly contrary to the teachings of *Bruen*.

Eighth Circuit Second Amendment jurisprudence has traditionally avoided focusing on the United States' historical tradition of firearms regulation, instead relying on "the scope of the right" approach:

6

> *Bruen* does not command us to consider only "conduct" in isolation and simply assume that a regulated person is part of "the people." To the contrary, *Bruen* tells us to begin with a threshold question: whether the person's conduct is "covered by" the Second Amendment's "plain text." *See* 142 S. Ct. at 2129-30. And in [*United States v.*] *Flores*[, 663 F.3d 1022 (8th Cir. 2011)], we did exactly that when we determined that the plain text of the Amendment does not cover *any* conduct by unlawfully present aliens. . . . Thus, just as *Bruen* does not cast doubt on *Flores*'s interpretation of "the people," neither does it disavow *Flores*'s "scope of the right" approach.

*United States v. Sitladeen*, 64 F.4th 978, 987 (8th Cir. 2023).

The *Sitladeen* opinion recognized its critics: "other courts both before and after *Bruen* have criticized *Flores*'s so-called 'scope of the right' approach, insisting that a textual analysis of 'the people' is not the right starting point when deciding whether a firearm regulation violates the Second Amendment." *Sitladeen*, at 986.

*Sitladeen* acknowledges that "*Flores*'s textual interpretation may or may not be correct." *Id*. at 987. Nevertheless, it justifies continuing the approach "until the Supreme Court or our *en banc* court determines otherwise, the law of our circuit" first requires an analysis whether the person affected by a firearm prohibition "is part of 'the people' to whom the protections of the Second Amendment extend." *Sitladeen*, at 987.

7

This case presents another opportunity for the full Court to reconsider is holdings in *Sitladeen* and *Flores* and *Jackson* anew.

While the *Jackson* panel avoids its own scope-of-the-right analysis, it relies heavily on the *Range's* panel's scope-of-the-right analysis: "[t]hose whose criminal records evince disrespect for the law are outside the community of law-abiding citizens entitled to keep and bear arms." *Range v. Att'y Gen. United States*, 53 F.4th 262, 273 (3rd Cir. 2022), *reh'g en banc granted, opinion vacated sub nom. Range v. Att'y Gen. United States of Am.*, 56 F.4th 992 (3rd Cir. 2023), and *on reh'g en banc sub nom. Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3rd Cir. 2023.

In *United States v. Bullock*, No. 3:18-CR-165CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023), Judge Reeves noted, "*Bruen* step one requires us to look at the 'conduct' being regulated, not the status of the person performing the conduct." *Id.* at *20.

Nothing in *Heller* or *Bruen* support this Court's focus on a person's "status" as opposed to "conduct." *Bruen* was explicit:

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's *conduct*, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is

8

> consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Bruen*, 142 S. Ct. at 2129–30 (cleaned up and emphasis added). *Heller* was particularly clear that there is no principled basis to distinguish the meaning of "the people" in the Second Amendment from the meaning of "the people" as used in the First Amendment ("the right of *the people* peaceably to assemble, and to petition the Government for a redress of grievances"), U.S. CONST. AMEND. I (emphasis added), and in the Fourth Amendment ("The right of *the people* to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated"). U.S. CONST. AMEND. IV (emphasis added). "[T]he term unambiguously refers to all members of the political community, not an unspecified subset." *Heller*, 554 U.S. at 580.

The *Heller* Court reiterated this point, declaring that "[w]e start therefore with a strong presumption that the Second Amendment right is exercised individually and belongs to *all Americans*." *Id.* at 581 (emphasis added).

This Court would certainly not find that persons convicted of felonies are prohibited from peaceable assembly or from asserting their right

9

against unreasonable searches and seizures under the Fourth Amendment. Likewise, there is justification for carving out a special exemption for the possession of firearms and ammunition – unless, as *Bruen* mandates, an established historical tradition of such prohibitions existed at the time of the adoption of the Second Amendment.

## Conclusion

Mr. Hoeft renews the plea made in *Jackson* for a full Court review of the holding of the panel that status-based restrictions preclude his Second Amendment right to possess firearms upon the foregoing arguments, and urges this Court to grant rehearing.

Respectfully submitted this 12th day of June, 2024.

**BANGS, MCCULLEN, BUTLER, FOYE & SIMMONS, LLP**

*[signature]*

Rick L. Ramstad
6340 S. Western Ave., Suite 160
Sioux Falls, SD 57108
T: 605-339-6800
rramstad@bangsmccullen.com
Attorney for Appellant

*Certificate of Service*

I hereby certify that on the 12th day of June, 2024, the undersigned electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                  BANGS, MCCULLEN, BUTLER,
                                                FOYE & SIMMONS, LLP

                                                */s/ Rick L. Ramstad*
                                                Rick L. Ramstad

*Certificate of Compliance*

The undersigned hereby certifies that the forgoing Appellant's Brief was prepared using Microsoft® Word for Mac, version 16.75, Microsoft 365®, using Century Schoolbook, a proportionally spaced roman style 14-point typeface. The application's word count function returned 2,496 words. I further certify this document was prepared using the macOS Sonoma 14.5 operating system, running XProtect and is virus free.

Dated this 12th day of June, 2024.

                                                BANGS, MCCULLEN, BUTLER
                                                FOYE & SIMMONS, LLP

                                                */s/ Rick L. Ramstad*
                                                Rick L. Ramstad